## Case No. 16,619.

### UNITED STATES v. VICKERY.

[1 Har. & J. 427.]

Circuit Court, D. Maryland. May Term, 1803.

INDICTMENT—SURPLUSAGE—SLAVE TRADE—STATUTORY PUNISHMENT—FINE AND IMPRISONMENT.

1. A failure to prove an unnecessary averment in an indictment will not vitiate it.

2. Where the indictment charged that the prisoner was employed in transporting slaves from Martinique to Cumana, and the evidence produced was that he transported the slaves from Nevis to Cumana, *held*, that the indictment, being in the words of the statute, is sufficient without any averment of the place, which was unnecessary and mere surplusage, and that proof of the transportation from Nevis supported the indictment.

3. Where a statute directs a fine and imprisonment to be imposed for an offence, the court are bound to inflict both, if the party is found guilty.

This was a criminal prosecution under the act of congress passed the 10th of May, 1800 [2 Stat. 70], which subjects all persons voluntarily serving on board any vessel of the United States, which is employed in transporting slaves from one foreign place to another, to fine and imprisonment. The indictment stated that Vickery voluntarily served on board a certain schooner belonging to a citizen of the United States, as master, which schooner was employed in transporting nine negro slaves from one foreign place to another, to wit, from the island of Martinique, in the West Indies, to Cumana in South America. The evidence produced on the trial proved the voluntary serving on board the said schooner, which was employed in transporting nine negro slaves from Nevis to Cumana, and not from Martinique.

Mr. Purviance, for the prisoner, supported by Mr. Harper, moved the court to direct the jury, that the proof offered did not support the indictment. The indictment charges the transportation from Martinique, and the proof is of a transportation from Nevis. Although the indictment might have been good without averment, as it is in the very words of the statute, yet it has become material by being stated in the indictment, and must be proved as laid. In a declaration in a civil suit, it frequently happens that an averment, which was not necessary for the validity of the declaration, yet, when laid, must be made out in proof, and the rule of law is much more strict in requiring the allegata et probata to correspond in criminal than in civil cases. The most dangerous consequence might flow from a contrary opinion. The prisoner, if found guilty in this case under the present indictment, with the present proof, might be indicted over again for the transportation from Nevis, and would be precluded from pleading the conviction in this case, for he would not be permitted to shew any parol proof that the offence, as charged in the latter indictment, to wit, the transportation from Nevis, was the same offence of which he was found guilty on the former indictment, to wit, the transportation from Martinique. This would be to contradict the record, and they therefore hoped the court would direct the jury according to their prayer.

Mr. Hollingsworth, attorney of the United States for the Maryland district, contended that the averment was unnecessary, and merely surplusage, and therefore it could not be necessary to prove it. The indictment alleges the transportation exactly in the words of the statute, to wit, "the transportation from one foreign place to another," and this would be sufficient, without averring any place; and surely an unnecessary and useless averment shall not become an essential part to be made out in proof. For these reasons, he expected the court would refuse the direction which was prayed by the counsel for the prisoner.

WINCHESTER, District Judge. The indictment, being in the words of the statute, is sufficient, without any averment of the place, which is unnecessary and mere surplusage. A failure to prove an unnecessary averment cannot vitiate an indictment which was good without the averment. It would be no contradiction of the record, on an indictment for a transportation from Nevis, to prove that it is the same offence as the transportation from Martinique charged in the present indictment, for that is surplusage, and the transportation from one foreign place to another, which is the substantial part of the indictment, would not be contradicted. The court are of opinion that the proof of a transportation from Nevis supports the present indictment.

The proof being unequivocal as to the transportation from Nevis to Cumana, the jury found a verdict of guilty without retiring. The court were satisfied, from all the circumstances of the case, that the prisoner was ignorant that he was committing a violation of any law, and therefore fined him only $10, and imprisoned him 24 hours. The court were disposed only to have imposed the fine, but, upon looking at the law, they were of opinion that they were obliged to inflict both.