Judge Wood
delivered the opinion of the court:
The statute upon which the indictment is predicated enacts, “that if any person shall harbor or secrete any black or mulatto person, the property of another, the person so offending shall, on conviction thereof, be fined any sum not less than ten nor more than fifty dollars.” We are first called to consider whether, under this enactment, the indictment is sufficient?
It is required that every indictment shall have a precise and sufficient certainty. The omission of a word of substance is fatal. 2 Haw. P. C. chap. 25, sec. 4. Here the plaintiff in error is ^charged with harboring and secreting a certain mulatto girl, by the name of Matilda, the property of L. Larkin. There is *244 no averment that the plaintiff in error knew the facts alleged, that Matilda was a slave, and the property of L. Lai-kin, or of any other person; and such is not the legal inference in a state whose constitution declares that all are horn free and equal, and that there shall be neither slavery nor involuntary servitude within its limits, except as a punishment for the commission of crimes. On'the contrary, the presumption is in favor of freedom. The scienter, or knowledge of the plaintiff in error, of this material fact, was an ingredient necessary to constitute his guilt. This knowledge should have been averred in the indictment, and proved on the trial, for, without such knowledge, the act charged as a crime was innocent in its character. We know of no case where positive action is held criminal, unless the intention accompanies the act, either expressly or necessarily inferred from the act itself. “Ignorantia facti doth excuse, for such an ignorance, many times, makes the act itself morally involuntary.” 1 Hales P. C. 42.
It is true that the statute, upon which the indictment is founded, omits the scienter, and the indictment covers all the facts enumerated in that statute. But this is not sufficient; it can not be assumed that an act which, independent of positive enactment, involves no moral wrong, nay, an act that in many cases would be highly praiseworthy, should be made grievously criminal, when performed in total unconsciousness of the facts that infect it with crime. This court has determined differently. In the caso of Anderson against the state, 7 Ohio, part 1, 255, the plaintiff in error was indicted for uttering and publishing forged certificate of deposit, without averring his knowledge of such forgery. The statute under which the indictment was found does not, in express terms, make this knowledge a constituent of the crime. Never- ' theless, the court held that the criminality could not exist without the knowledge, and that an indictment did not aver it was defective. That case runs upon all fours with this,- and the further investigation of the principles upon which it is based confirms the court in -the conviction that it is correct. This judgment must be reversed for this cause, and it thus becomes unnecessary to decide upon -the other points, so laboriously argued for the plaintiff in error, and of a character too important in their bearing upon the whole country to be adjudicated upon without necessity.