Lockwood, Justice, delivered this separate opinion: I concur with the court in reversing the judgment, on the ground that illegal testimony was permitted to be given to the jury ; but I do not concur in remanding the cause for a new trial. In my opinion the indictment is clearly bad, and should have been quashed by the court below. The indictment contains no averment that Chambers knew that Sarah was an indentured servant. The knowledge of this fact I deem essential to constitute the offence. I consider the case of Birney v. The State of Ohio, 8 Ohio 230, as laying down the correct rule on this subject. The statutes in both states are almost identical. The court, in delivering its opinion in that case, says, that “ the statute upon which this indictment is predicated, enacts, ‘that if any person shall harbor or secrete any black or mulatto person, the property of another, the person so offending shall, on conviction thereof, be fined in any sum not less than $10, nor more than $50.’ ” The court says: “We are first called to consider, whether, under this enactment, the indictment is sufficient. It is required that every indictment shall have a precise and sufficient certainty. The omission of a word of substance is fatal. 2 Hawkins P. C. eh. 25, § 4. There the plaintiff in error is charged with harboring or secreting a certain mulatto girl, by the mame pf Matilda, tb e property of L. Larkin. There is no averment that the plaintiff in error knew the facts alleged, that Matilda was a slave and the property of L. Larkin, or of any other person; and such is not the legal inference, in a state whose constitution declares [* 358] that all are born free and equal, and that there shall be neither slavery nor revoluntary servitude within its limits, except as punishment for the commission of crimes. On the contrary, the presumption is in favor of freedom. The scienter, or knowledge of the plaintiff in error, of this material part, was an ingredient; necessary to constitute his guilt. This knowledge should have been averred in the indictment, and proved on the trial; for, without such knowledge, the act charged as a crime was innocent in its character. We know of no case where positive action is held criminal, unless the intention accompanies the act, either expressly or necessarily inferred from the act itself. Ignorantia facti doth excuse, for such an ignorance, many times, makes the act morally involuntary. 1'Hale’s P. 0. 42.” “ It is true that the statute, upon which the indictment is founded, omits the seienter, and the indictment covers all the facts enumerated in that statute. But this is not sufficient; it cannot be assumed that an act, which, independent of positive enactment, involves no moral wrong, nay, an act that in many cases would be highly praiseworthy, should be made grievously criminal, when performed in total Jinconsciousness of the facts that infect it with crime. This court has determined differently. In the case of Anderson v. The State, 7 Ohio, Part 1, 255, the plaintiff in error was indicted for uttering and publishing a forged certificate of deposit, without averring his knowledge of the 'forgery. The statute, under which the indictment was found, does not, in express terms, make this knowledge a constituent of the crime. Nevertheless, the court held that the criminality could not exist without the knowledge, and that an indictment that did not aver it was defective.” It was urged on the argument of this cause, that, as the indictment averred that Chambers unlawfully harbored the servant, that this averment included the scienter. In the case referred to, decided in Ohio, the same word was used in the indictment, but the court held that it did not dispense with an averment of the scienter. No principle is better settled, both in civil and criminal pleadings, than that, the plaintiff or prosecutor is not bound to prove, on the trial, that which he is not compelled to aver in the declaration or indictment. If the indictment is good, without averring that the accused knew that the colored person was a servant, it would be equally good, without averring that the defendant unlawfully or willfully did the act. Our statute omits not only the scienter, but does not even use .words implying that the secreting must be unlawfully or wrongfully done, in order to constitute the offencé. Yet what court would decide, that an offence of this description could be committed, if the defendant was ignorant of the fact that the person harbored or secreted was a servant or [* 359 ] slave ? If the offence, however, is to be considered as consummated by harboring or secreting any negro, mulatto, or colored-person, who turns out to be a slave or servant, it will be dangerous for the people of this state to extend the most common offices of humanity to that unfortunate class of mankind, to whom God has given a skin colored differently from ours. It would be illegal to receive such persons into our houses, although they were perishing in the streets, with hunger, cold, or sickness. The ease in Ohio completely illustrates the consequences that I have stated. The indictment in that case contained nine counts, several of which averred that the defendant harbored the slave, well knowing that .she was a slave, and a fugitive from service. The first count, however, only averred that the defendant “ unlawfully” “harbored or secreted a certain mulatto girl, by the name of Matilda, then being a slave,” and the property of one L. Larkin, “ contrary to the form of the statute,” etc. The jury found the defendant guilty on the first count of the indictment, and not guilty on all the other counts. Had there been proof, on the trial, that the defendant knew that Matilda was a slave,the j ury would undoubtedly have convicted him on the counts containing that averment. The court who tried the cause must have decided and decided correctly, if the first count was good, that to convict the defendant on that count, no evidence was necessary to prove that the defendant had knowledge that Matilda was a slave. The 152d section of our criminal code was relied on, as justifying the indictment in this case. That section reads as follows : “ Every indictment or accusation of a grand jury shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this code, or so plainly that the nature of the offence maybe easily understood by the jury.” Had the word “ and,” instead of the word “ or,” been used in this section, little difficulty would have arisen,in requiring that the indictment should substantially contain every necessary averment that enters into the nature of the offence. If the court, however, are not permitted to read this statute in the manner above indicated, it is still the duty of the court, in construing statutes, to look not only to the language of the particular section, but to the context, and also to the effects and consequences. The 158d section of our criminal code, requires that “ all exceptions which go merely to the form of the indictment shall be made before the trial, and no motion in arrest of judgment or writ of error shall be sustained, for any matter not affecting the real merits of the offence charged in such indictment.” This'section clearly implies, that all respect to form is not to be disregarded, and distinctly recognizes the principle, that “ every matter affecting the real merits of the offence must still be included in the [* 360 ] indictment, to render it sufficient, even after verdict. The gist then of the offence of harboring or secreting a slave or servant consists, as well in the fact of harboring or secreting, as in the knowledge that the person so harbored or secreted was a servant or slave. The harboring or secreting and the scienter must both, concur to constitute the offence, and to have a good indictment, both should be positively averred. As the count on which Chambers was convicted is materially defective, I am of opinion that the judgment below should be reversed. Catón, Justice, dissented. Judgment reversed.