### State of Minnesota *vs.* E. W. Mahoney.

#### October 23, 1876.

**Intoxicating Liquors—Principal and Agent.**—A single sale to an habitual drunkard, made by the clerk of a person authorized to sell spirituous liquors, at his place of business, made in his absence, is not sufficient to raise a presumption that the clerk was authorized by his employer to make such unlawful sale.

Defendant was convicted, before a justice of the peace, of the offence of selling liquor to an habitual drunkard, and

sentenced to pay a fine of $50, and the costs, and to imprisonment on default of payment. On appeal on questions of law, the judgment of the justice was affirmed by the district court for Dodge county, and defendant appealed.

*A. J. Edgerton,* for appellant.

*Geo. P. Wilson,* Attorney General, for the State.

GILFILLAN, C. J. The defendant was charged with unlawfully selling spirituous liquors to an habitual drunkard. The only proof of the fact was that the person alleged to have been an habitual drunkard bought spirituous liquor from defendant's clerk, there being no evidence of the defendant being present, nor of his having given the clerk authority to sell to this particular person, or to any habitual drunkard. The sale by the clerk was made at defendant's saloon, where he appears to have carried on the business of selling liquors, apparently under a license. The presumption from a clerk being employed at the saloon would be that he had authority from the defendant to make such sales as were lawful. A single unlawful sale by such clerk would not raise any presumption that his master had given him authority to violate the law. *Parker* v. *State,* 4 Ohio St. 563. There is no proof to connect defendant with the illegal act of the clerk, and the judgment must be reversed and a new trial ordered.