STATE OF MINNESOTA *vs.* FRANK HECK.

May 16, 1877.

Illegal Sale of Liquors—Guilty Knowledge.—In a prosecution under Gen. St. *c.* 16, § 11, as amended, upon a charge of furnishing "one glass of spirituous liquor, to wit, whiskey," to C., an habitual drunkard, it is not necessary to prove that the liquor furnished was whiskey, nor that the defendant knew that C. was an habitual drunkard.

Appeal by defendant from a judgment of the municipal court of the city of Minneapolis.

*Robinson & O'Neill,* for appellant.

*George P. Wilson,* Attorney General, for the State.

BERRY, J. Defendant was prosecuted and convicted in the municipal court of the city of Minneapolis, upon a charge of furnishing " one glass of spirituous liquor, to wit, whiskey," to C., an habitual drunkard. The case presents two questions : (1) Was it necessary to prove that the liquor furnished was whisky? (2) Was it necessary to prove that the defendant knew that C. was an habitual drunkard?

1. The prosecution was instituted under Gen. St. *c.* 16, § 11, as amended by Laws 1872, *c.* 61, and Laws 1875, *c.* 112. The section enacts that " it shall be unlawful for any person to  \*  \*  \*  furnish  \*  \*  \*  any spirituous liquor, in any quantity whatsoever,  \*  \*  \*  to any  \*  \*  \*  habitual drunkard," and prescribes penalties for so doing.

As a general rule it is sufficient, in charging a statutory misdemeanor, to follow the language of the statute. 1 Bishop Crim. Pro. § 359 *et seq.* Hence, in this case, a charge of furnishing one glass of spirituous liquor, without designating the kind of liquor, would have been sufficient. *State* v. *Blaisdell,* 33 N. H. 388 ; Bishop Statutory Crimes, § 1038 ; *Com.* v. *Odlin,* 23 Pick. 275 ; *Com.* v. *Conant,* 6 Gray, 482 ; *Com.* v. *Ryan,* 9 Gray, 137.

The word " whiskey" was, therefore, in itself wholly

unnecessary and unessential. It may, therefore, be disregarded or rejected, unless it has been made essential by being inseparably connected with the essential words "spiritous liquors," and so as to become matter of essential description, or, in other words, descriptive of the identity of that with which it is thus connected. 1 Bishop Crim. Pro. §§ 229, 235; 1 Greenl. Ev. § 60. But in this case the word "whiskey" is prevented from becoming thus essential, because, not being in itself essential, it is stated under a *videlicet*, the office of which is to mark that the party does not undertake to prove the precise circumstances alleged, and in such cases (*i. e.*, when the circumstances are not essential in their nature) he is ordinarily not holden to prove them. 1 Greenl. Ev. § 60; 1 Chit. Pl. 317, 318.

The first question must, therefore, be answered in the negative.

2. It was not necessary to prove that the defendant *knew* that C. was an habitual drunkard. The statute does not make such knowledge a constituent part of the offence. And when, without reference to the intent, the statute forbids the doing of an act in certain circumstances, and a party is under no obligation to do it, unless he knows it to be lawful, if he does the forbidden act he violates the law, irrespective of his knowledge or ignorance of the circumstances mentioned. *Com.* v. *Boynton*, 2 Allen, 160; *Barnes* v. *State*, 19 Conn. 398; *Com.* v. *Waite*, 11 Allen, 264; *Com.* v. *Goodman*, 97 Mass. 117; *Farmer* v. *People*, 77 Ill. 322; *State* v. *Hartfiel*, 24 Wis. 60. As applied to a case like this at bar, this rule (in the words of the case last cited) requires the seller of intoxicating liquors to "know that the person to whom he sells is a *qualified drinker*, within the meaning of the statute."

Judgment affirmed.