STATE OF MINNESOTA *vs.* FRED MUELLER.

June 12, 1888.

**Intoxicating Liquor—Sale to Minor—Several Offences—Evidence of Continuous Transaction—Election by State.**—Indictment for selling beer to a minor. The state introduced evidence tending to prove that the minor, in company of other boys, entered defendant's premises one evening, and ordered beer for the party, which was furnished them. It then, under defendant's objection, introduced evidence to prove that subsequently, but on this same occasion, at intervals, the minor ordered from, and was furnished by, defendant's servants several other drinks of beer for his party; the defendant being personally present on the premises. When the state rested, the court refused to require it to elect upon which particular one of these acts of furnishing it relied as constituting the offence charged. *Held* not error. Assuming that the furnishing each glass might have been treated as a separate offence, all were so connected together as to form one transaction, which it would be inconvenient to separate, and each part of which would tend to show the nature of the others. Under such circumstances, evidence may be given of the whole transaction, and, even if it constitutes several offences of the same kind, it is in the discretion of the court whether the state shall be required to elect. If the entire transaction is given in evidence, and no election is made by the state, a verdict would be a bar to any further prosecution for any offence of the same kind included in it.

**Same—Sale by Servant—Disobedience of Instructions.**—Evidence of previous general instructions by defendant to his servants not to furnish liquor to minors is immaterial, where it is admitted, or conclusively appears, that the particular sale charged was made with his knowledge and approval.

v.38M—32

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*Merrick & Merrick*, for appellant.

*Moses E. Clapp*, Attorney General, and *F. F. Davis*, for the State.

MITCHELL, J.   The defendant was indicted for selling a quantity of malt liquor, to wit, one glass of beer, to one Murray, a minor.   It appeared from the evidence that, on the evening of the day alleged in the indictment, Murray, a boy of 16, with three other boys, went into defendant's saloon or beer-hall, where they remained some three hours or more.   The state first introduced evidence tending to show that, after the boys entered, Murray ordered beer for the party, which was furnished them.   The state then proceeded, and, under defendant's objection and exception, introduced evidence that subsequently, but on this same occasion, Murray ordered more beer at several different times, which was also furnished.   The evidence tended to show that the beer was ordered from and furnished by defendant's servants, except that one of the orders was given to defendant personally, who directed one of his waiters to furnish the beer.   It also appeared that during all this time the defendant was personally present, going around and supervising affairs generally.   When the state rested, the defendant's counsel moved the court to require the state to elect as to what sale that evening it relied on as constituting the offence charged in the indictment, which the court refused to do.   The admission of evidence of these other acts of furnishing beer, and the refusal to compel the state to elect upon which one it relied, are here assigned as error.

As the beer was all furnished on the same occasion, while the boys remained in the saloon, it may admit of argument whether the whole, although consisting of several successive acts, did not constitute one continuing transaction and but one offence.   But we may concede that each glass furnished was a separate sale, and might be treated as a separate offence.   While it is, of course, true, as a general rule, that it is erroneous to admit evidence of other separate and independent offences not charged in the indictment, yet this may always be done when the evidence tends to prove a *scienter* or *quo animo*.   It was incumbent on the state to prove that this beer was furnished by the

authority or with the knowledge and assent of the defendant. The fact that these boys remained on the premises during the evening, drinking successive glasses of beer while defendant was present overseeing what was going on, would certainly tend to prove that the liquor was furnished them by his authority or with his knowledge.

Neither were these sales, in any view of the case, *independent* and *disconnected* offences. What occurred in the saloon that evening was really all one transaction. It was the common occurrence of a party going into a saloon or beer-hall, and ordering several drinks in succession at certain intervals, but all during what might be termed the same session. The whole affair was so connected together that it would be inconvenient, as well as almost impracticable, to require the prosecution to confine the evidence to the furnishing of any one particular glass, or to elect on which one they rely for a conviction. Moreover, each part of, or act in, the transaction, would tend to show the nature of all the other parts. Under such circumstances, where several offences of the same kind form parts of one entire transaction, evidence may be given of all, and it is in the discretion of the judge whether the state shall be required to elect. Archb. Crim. Pr. & Pl. 122; 3 Russ. Crimes, 280; *Rex* v. *Ellis*, 6 Barn. & C. 145; *Rex* v. *Long*, 6 Car. & P. 179; *Reg.* v. *Bleasdale*, 2 Car. & K. 765; *Reg.* v. *Hinley*, 2 Moody & R. 524; *Heath* v. *Com.*, 1 Rob. (Va.) 735.

Neither could the action of the court work any future prejudice to defendant, for, conducted as this trial was, we have no doubt that the verdict would be a bar to any other prosecution against him for any sale to Murray on that evening.

2. The defendant offered to prove that he had previously given to his bar-keepers general instructions not to sell to minors. This evidence the court excluded. Whether the court made this ruling upon a correct view of the law is unimportant, if it appear that there was no error prejudicial to the defendant. A party can only be held liable criminally for a sale of liquor by his servant when made with his authority, or with his knowledge or assent. If made without his knowledge, and really in opposition to his will, and in no way participated in, approved, or countenanced by him, he is not liable. *State* v. *Mahoney*, 23 Minn. 181. But if a particular sale is made with his

assent, express or implied, it would be wholly immaterial what general instructions he might have previously given his servants. We think the evidence in this case conclusively and without material contradiction shows just such a state of facts. It is unquestioned that these boys remained on these premises several hours that evening, drinking beer furnished them from time to time by defendant's servants, until Murray became so drunk and noisy that a policeman had to take him to the lock-up. It is admitted that defendant was present during the evening, going around and overseeing generally what was being done, and that he saw these boys there. One of them testifies that he once came to the table where they were sitting, and requested them to make less noise. Had he denied knowing that beer was being furnished to the boys, it would, in the face of these facts, have taxed human credulity to believe him. But when called as a witness he does not deny the fact. When asked with reference to the boys' testimony that one order was given to him personally and furnished by his direction, he entirely evades the question. The only denial he makes is that he *himself* sold them any beer. When asked if he knew of any person in his employ selling Murray beer, his only answer was: "I did not see it;" "Not that I know of." In short, his testimony cannot reasonably be construed otherwise than an admission that he knew that beer was being furnished,—a fact which, in view of all the circumstances, he could not well help knowing. This being so, his previous instructions to his bar-keepers were immaterial, and their exclusion worked him no prejudice.

3. It is also assigned as error that the court refused to allow one of the bar-keepers to state whether he asked Murray his age before he furnished him liquor. Whether a vendor would be criminally liable for selling liquor to a minor in a case where, upon the exercise of every reasonable precaution, he should yet be imposed upon as to the age of the buyer, and should sell him in perfect good faith, supposing him to be of age, we need not now inquire. See, however, *State* v. *Heck*, 23 Minn. 549. Conceding that he would not, the answer to the question excluded (which was all that was offered) would not of itself have tended to prove any such state of facts.

The assignment, "that the court erred in its charge to the jury," is too general, and cannot be considered.

Order affirmed.

DICKINSON, J., (*dissenting.*)   I am unable to concur in the foregoing opinion, as respects the refusal of the court to require an election on the part of the state when it rested its case.   The indictment was for one specific offence, and only for such a specific offence could there be a conviction.   The case, as presented on the part of the state, showed several independent, completed sales, constituting several offences, upon either one of which a conviction was possible.   Such being the case, and the evidence not being such as to indicate which one of the several transactions is relied upon by the state as constituting the offence charged, the necessity for an express election, at least before the defendant should be required to present his defence, seems to me to be apparent.   Otherwise he must defend as to each one of the several sales as though each one severally constituted the particular act for which he is put upon trial.