Hale, J.,
(orally).
This is a proceeding in error whereby it is sought to reverse the judgment of the court of common pleas, affirming the judgment of a justice of the peace.
The plaintiff in error was tried before P. H. Hoffman, a justice of the peace of Akron township, upon an affidavit ■charging him with unlawfully selling as and for blackberry wine “a certain compound and mixture consisting of wine, sugar, water, alcohol, salicylic, ácid and aniline red.”
The case was tried by a jury, which returned a verdict of guilty. A motion for a new trial was overruled, and the accused sentenced to pay afine of $000.00.
The. judgment of the justice’s court was affirmed by the court of common pleas, and the records of both courts are brought to this court for review by petition in error.
We will use the terms plaintiff and defendant as they appear in the petition in error. The errors insisted on, are:
*227 First. _ That the court erred in overruling plaintiff’s motion in arrest of judgment, for the reason that the affidavit did not state facts sufficient to constitute an offense under the laws of the state. The transaction described in the affidavit is made unlawful by the first section of the act passed March 26. 1891, 88 O. L., 281, and the allegations are manifestly sufficient to define an offense under that act. There was,' therefore, no error in overruling this motion.
Second. It is insisted that the offense, if committed at all, was committed in Pittsburgh, in the state 'of Pennsylvania, of which the courts of this state have no jurisdiction.
This claim is made upon the testimony offered in the case, and embodied in a bill of exceptions. We hold that a fair interpretation of that evidence fails to sustain this claim.
All that was done by the plaintiff in connection with this transaction vras done and performed in the city of Akron, and if responsible at all, he is amenable to the laws of this state.
Third. It is stated that the court erred in submitting the case to the jury without instructions. The record shows that after the arguments of counsel had been concluded, the court submitted the case to the jury without instructions, to which omission by the court, counsel for plaintiff' excepted. The court was not asked to instruct the jury, nor were any instructions presented to the court with the request that they be given to the jury. We, therefore, hold that there was no error saved by this exception.
In this view we are supported by the opinion of the court in the case of Hirth v. Grarham, 50th O. S., page 59. .
Fourth. It is insisted that the court erred in excluding from the jury testimony offered by the plaintiff. On'the trial of the case the plaintiff in error was examined as a witness in his own behalf, and in the course of his examination was asked the following questions:
Q. “When you had this conversation with Mr. Herzber *228 ger, and also when you wrote out this order and put it in the mail, what knowledge, if any, did you have that the liquor sent to him would be other than pure liquors of this kind?”
Q. “What knowledge, if any, did you have that Mr. Sunstein had at his house or place of business any liquors of the kinds mentioned in this order, that were in any wise adulterated?”
An objection to each of these questions was sustained by the court, and the plaintiff offered to show in answer to the first question that he had no knowledge that the liquors to be sent to Mr. Herzberger, the purchaser, would be other than pure liquors of the kind described in the order which he mailed to the house; and to the second question that he had no knowledge that Mr. Sunstein had any adulterated liquors whatever, of the kind mentioned in the order. To this ruling of the court the plaintiff excepted.
The statute under which this complaint was made, after defining what shall be denominated adulterated wine, and specifying various compounds as such,-enacts “any person, or persons, who shall manufacture, or cause the same to be done with intent to sell, or shall sell, or offer to sell any of such wine or beverage, shall be deemed guilty of a misdemeanor. ’ ’
In the case of Altschul v. The State of Ohio, this court considered the question whether in prosecutions under this statute, it was incumbent upon the state to aver in the affidavit and prove upon the trial that the accused knew the wine sold to be adulterated. 8th O. Circuit Court Reports, page 214.
We are now to consider whether it is competent for the accused to prove, in his defense, a want of knowledge.
The opinion in that case was prepared by Judge Baldwin, and much of the reasoning used by him is applicable here, and need not be repeated. This, and other statutes relating *229 to the adulteration of food, are clearly within the proper exercise of the police power of the state, and to be regarded as police regulations by the state. Within the legitimate limits of that power the legislature has deemed it essential for the public welfare to prohibit the sale of adulterated wine, and in language so clear and positive as to leave no doubt of the legislative intent. It may be fairly inferred that the legislature of the state intended by this positive enactment to prohibit absolutely the sale of adulterated wine, and that knowledge by the accused, of its adulteration, is not an essential element of the crime.
It must be conceded that the object and purpose of this statute, if not wholly subverted, would be weakened to that extent that it would in no wise accomplish the results intended by its enactment, if the accused may go acquit by simply showing he did not know the nature of the article sold.
Food is sold to be consumed. The purchaser is under no obligation to analyze the article purchased for that purpose to ascertain whether it contains substance injurious to health, nor would it be practicable for him to do so, and it should be no answer to his complaint that the seller had no knowledge of its impurity, nor should it be a defense to the seller when called to an account by the state to answer that he was ignorant of the substance he was selling. We see no injustice in holding the seller of food products responsible for what he sells, and in casting upon him the burden of knowing whether the food sold, does, or does not, fall within the prohibition of the statute. With that care and honesty which is encumbent on the seller of such products, he is in no danger of suffering wrongfully or unjustly from the enforcement of the rule adopted by the trial court, while the enforcement of that rule seems to be an absolute necessity to protect the public from fraud and imposition.
The Views already expressed seem to us upon principle to *230 be.well founded. The consideration of the authorities, certainly outside of Ohio, fully sustains this position. The rule very generally adopted and adhered to by the courts of this country and of England, approved by the best text writers, may be stated thus: ‘' If a statute commands that an act be done or omitted, which in the absence ofo the statute would be blameless, ignorance of the fact or state of things contemplated by the statute, will not excuse its violation.
Of the numerous authorities supporting the proposition we are considering, we cite, Barnes v. The State, 19th Conn., 397. Commonwealth v. Nichols, 1t0h Allen, 199. State v. Smith, 10th R. I., 258. State v. Hatfield, 24 Wis., 60. State v. Frank Heck, 23rd Minn., 549. The People v Anthony Girard, 145 N. Y., 105. Commonwealth v. Warren, 160th Mass., 533. People v. Kibler, 106 N. Y., 321. 3rd Greenleaf Evidence, Section 21. Regina v. Woodrow, 15 M. & W., 404. 9th Allen, 489. State v. Tomasi, 31st Atlantic Reporter, 780.
It is contended that whatever may be the holdings of other courts, that under the rule heretofore adopted by the courts of Ohio, the testimony excluded was clearly competent, and our attention is called to the case of Anderson v. The State, 7 Ohio, part 2nd., 230, Birney v. State, 8 Ohio 230, Crabtree v. The State, 30 Ohio St., 382, Farrell v. The State, 32nd Ohio St. 456.
• The first three cases are clearly distinguishable from the case we are here considering. In each case the act constituting the offense was not a crime unless some independent fact co-existed with it. These cases may reasonably be said to fall within the rule stated by Desty in his American Criminal Law, section 35. “When an offense is so defined by statute that the act of the offender is not a crime unless some independent fact co-exists with it, ignorance of the existence of such fact or mistaken belief in good faith and on reasonable grounds that it did not exist, should excuse from crime. ’ ’
Oviatt, Allen & Gobbi, for plaintiff in error.
Clark &Thompson, for defendant in error. •
In the case, of Farrell v. The State, the court considered a question more nearly analagous to the one arising in this case. It is not unlawful to sell intoxicating liquor in Ohio except in a place or for a purpose prohibited, or to a prohibited class of persons named in the statute, while it is unlawful to sell under any circumstances, or to anybody, adulterated wine. The two classes of cases are in this respect certainly distinguishable. The case of Farrell v. The State is reported in the 30th American Reports, page-■, to which is added a very elaborate note by the learned compiler and from all the authorities, the conclusion is reached that that case is clearly against the weight of authority in this country.' We are not disposed to extend the principle announced in that case beyond the class of cases in which the question arose. Nor do we see anything in any of the .Ohio cases which leads us to believe that the Supreme Court will so extend the principle.
Perhaps some weight should be given to the fact that in the statutes relating to the manufacture and sale of adulterated vinegar, and also the statute relating to the sale of oleomargarine, knowledge on the part of the seller by the express terms of the statute is made an element of the crime; while in the statute under which this prosecution is conducted, the word “knowingly” used in the other statutes is omitted.
Wo therefore hold that it was not competent for the accused to show in his defense that he did not know that the substance sold was adulterated wine, and that there was no error in excluding the evidence offered.
We find no error in this regard, and the judgments of both courts are affirmed.