JOSEPH C. MOORE v. STATE OF NEBRASKA.

FILED MAY 8, 1902. No. 12,495.

1. **Intoxicating Liquors:** SALE ON SUNDAY OR DAY OF ELECTION. To justify a conviction under section 14, chapter 50, Compiled Statutes, 1901, it must appear that the defendant, either by himself, or his agent or employee, sold or gave away intoxicating liquors on the day of a general or special election, or on the first day of the week, commonly called Sunday.

2. **Sale by Servant.** Such a sale by a servant without the express or implied authority of his master, is not a sale by the master within the meaning of said section.

3. **Question for Jury.** Whether instructions by a master to his servant not to sell or give away intoxicating drinks on Sunday or an election day were colorable only, or were given in good faith, in the expectation that they would be obeyed, and with the intention that they should operate as a limitation upon the servant's authority, is a question for the jury.

ERROR from the district court for Custer county. Tried below before SULLIVAN, J. *Affirmed.*

*Nathan T. Gadd* and *Charles H. Holcomb,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state:

A saloon-keeper is liable criminally for all violations of chapter 50 of the Compiled Statutes committed by his servant in his place of business, although he is himself absent and ignorant of such violations. We think the law is well settled that the relation of master and servant exists between a saloon-keeper and his bartender. We have no doubt that the law holds the master to the same accountability in both civil and criminal cases, that it does the servant. Black, Intoxicating Liquors, secs. 369, 371; *Robinson v. State,* 38 Ark., 641; *Martin v. State,* 30 Nebr., 507.

SULLIVAN, C. J.

Section 14 of the act regulating the license and sale of malt, spirituous and vinous liquors is as follows: "Every person who shall sell or give away any malt, spirituous, and vinous liquors on the day of any general or special election, or at any time during the first day of the week, commonly called Sunday, shall forfeit and pay for every such offense, the sum of one hundred dollars." Compiled Statutes, ch. 50. Under this section Moore was

tried, found guilty and sentenced to pay a fine of
$100. The ground relied upon for a reversal of the
sentence is that the evidence did not warrant a con-
viction. It was conclusively proved that the defend-
ant was a licensed vender of intoxicating drinks, doing
business in the village of Anselmo, and that the illegal
sales charged in the information were made in his saloon
by his bartender. The evidence given on behalf of the
defendant shows the sales were made without his knowl-
edge, in violation of express instructions and during his
absence from the village. Do these facts acquit the de-
fendant of criminal responsibility? This is the decisive
question in the case, and it is the only question counsel
have discussed. The statute does not assume to make
masters liable for the conduct of their servants, but only
for their own conduct. Of course, what one does by an-
other he does himself; and it is conceded that an allega-
tion that the defendant sold liquors on Sunday would be
sustained by proof that he caused them to be sold. But
it would not be sustained by proof that sales were made
without his consent and in violation of his instructions.
Such sales would not be made by his authority, and con-
sequently would not be his sales. Under statutes similar
to the one above set out, a master is affected by the acts
of his servant only to the extent that they have been actu-
ally authorized. In other words, an agency will not be
presumed where none in fact existed. Among the cases
sustaining this view are: *State v. Mahoney,* 23 Minn., 181;
*State v. Mueller,* 38 Minn., 497; *Lathrope v. State,* 51 Ind.,
192; *Commonwealth v. Nichols,* 51 Mass., 259; *Common-
wealth v. Briant,* 142 Mass., 463; *Commonwealth v. Hayes,*
145 Mass., 289; *Anderson v. State,* 22 Ohio St., 305; *Barnes
v. State,* 19 Conn., 398; *State v. Heckler,* 81 Mo., 417;
*State v. Meagher,* 49 Mo. App., 571. The doctrine of these
cases is not opposed to the decision in *Martin v. State,*
30 Nebr., 507, where it was held that the master was lia-
ble for the acts of his servant, there being no evidence
of any limitation upon the servant's authority. If the

sales here in question were made by the bartender without authority and against the will and contrary to the instructions of the defendant, they were not the defendant's acts and he is not answerable for them in a criminal action. But whether the instructions to the bartender not to sell on Sunday were given in good faith, with the expectation that they would be obeyed, and with the intention that they should operate as a limitation upon his authority, was a question of fact which there was sufficient reason for resolving in favor of the state. The servant who made the illegal sales was not discharged nor, it seems, even reproved or admonished. He had been accustomed to go to the saloon on Sunday and it seems to have been the general understanding that when he was there the place was open for business; for on the day in question some eight or ten persons came expecting to be served, and none of them went away disappointed. It is not unreasonable to infer that the expectations of these people were based on past experiences. The defendant himself was in the habit of going to the saloon on Sunday with his friends. When asked whether he was in the habit of keeping his place open for business on Sunday, he said: "Well, I don't think I was," and further along, in answer to a similar question, he said: "Well, I never considered I done any business on Sunday in Anselmo." In other answers he positively denied that he made any sales on Sunday, but his entire testimony was of such a character as to justify the conclusion that he was an occasional, if not an habitual, violator of the law against selling intoxicants on Sunday, and that the instructions given to the bartender were colorable, merely. There was probably no real intention to withhold from the bartender authority to sell on the Sabbath, and in the absence of such intention, the instructions were of no consequence. *Commonwealth v. Hayes, supra; Anderson v. State, supra; State v. Wentworth,* 65 Me., 234; *State v. Reiley,* 75 Mo. 521.

The judgment is

AFFIRMED.

NOTE.—*Sale to a Minor by a Partner, Agent or Servant.—Authorship and Construction of Statute.*—A partner in a saloon or dram-shop is criminally liable for an illegal sale of liquor to a minor, by his copartner, or agent, though he was absent at the time and knew nothing about it. Eakin, J., dissenting. *Waller v. State*, 38 Ark., 656. See Judge Eakin's dissenting opinion in *Robinson & Warren v. State*, 38 Ark., 641, 648. The private instructions of the proprietors to the clerks and bartenders in relation to selling to minors, are incompetent and irrelevant. *Loeb v. State*, 75 Ga., 258. Most of the authorities cited in the foregoing opinion hold that a sale by a servant is prima-facie evidence of the master's assent. The statute cited in the opinion, was drawn by John H. Ames. It was first interpreted by the supreme court in *State v. Sinnott*, 15 Nebr., 471, to describe an offense which could be prosecuted by indictment. The court below held that the procedure was by an action in debt.—REPORTER.