# SINCLAIR *v.* DISTRICT OF COLUMBIA.

SMOKE LAW; PLEADING AND PRACTICE; INFORMATION; EVIDENCE;
VIDELICET.

1. In a proceeding in the police court for a violation of the " smoke
law " of the District of Columbia, the information charged the
defendant with a violation of the law as the " occupant of a
certain building, to wit, the building situated at No. 213 14th
street, Northwest," while the evidence, although showing that
the smokestack from which the prohibited smoke was emitted
was one of several contiguous houses all occupied and used by
an electric lighting company, of which the defendant was the gen-
eral superintendent, failed to show that such smokestack was
attached to the particular house known as No. 213 Fourteenth
street. *Held,* that the prosecution was not bound by the particu-
lar description of the house in the information, the street number
of the building not being an ingredient of the offense, but being
merely surplusage which would be disregarded, even if it had not
been alleged under a *videlicet.*

2. While an allegation in a pleading under a *videlicet* will not relieve
the pleader from proof if the fact so alleged be necessary to
the description of the identity of that with which it is connected,
yet when the particular allegation, descriptive of time, place,
etc., is not so essential, its statement under the *videlicet* indi-
cates that the pleader has not undertaken to prove the precise
facts and circumstances alleged and he will not be held to them.

No. 1218.   Submitted June 5, 1902.   Decided June 23, 1902.

IN ERROR to the police court of the District of Columbia.
*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. C. C. Cole* and *Mr. J. J. Darlington* for the plaintiff
in error.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H.
Thomas,* Assistant, for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

Like No. 1219, recently decided [*ante,* p. 336], this case comes before us on a writ of error to the police court of the District, in which the plaintiff in error, Lindley E. Sinclair, was convicted of the violation, on February 11, 1902, of what is commonly called the "smoke law," enacted by Congress for the District of Columbia.

The only difference between this case and No. 1219, aforesaid, is in the form of the information.

This, in the case at bar, contains but one count, which charges, that the defendant in the city of Washington, District of Columbia, on February 11, 1902, "being then and there the occupant of a certain building, to wit, the building situated at No. 213 Fourteenth street, northwest, in the city aforesaid, in the District of Columbia, to which said building there is attached a smokestack and chimney used in connection with a certain steam boiler, and furnace in said building, the said Lindley E. Sinclair, as such occupant, did then and there unlawfully, cause, permit and allow the emission into the open air," etc.

In the preceding case (No. 1219), upon evidence substantially similar in respect of the description of the premises where the business of the United States Electric Lighting Company is carried on, under the general superintendence of the defendant, it was held that the defendant, as such general superintendent of the company, was rightly charged as occupant and agent of the building to which the smokestack was directly attached, because, among other grounds, each contiguous house upon the same premises used in carrying on the business of the defendant's principal must be regarded as included in one general building.

The information in No. 1219 did not undertake to describe the building by particular number, as is the condition in the case at bar.

That the particular description of the building by street number was wholly unnecessary there can be no doubt.

Assuming it to be true, then, as contended on behalf of

the plaintiff in error, that the evidence fails to show that the smokestack, from which the prohibited smoke was emitted, was attached to the particular one of the contiguous houses known as No. 213 Fourteenth street, the question arises, whether the prosecution was bound by the particular description as alleged.

We are of the opinion that it was not. The street number of the building was not an ingredient of the offense. It was not essential by way of identification, and could have been omitted without affecting the charge of the offense in any respect whatever. Being mere harmless surplusage it could be disregarded in evidence even if not alleged under a *videlicet*. *United States* v. *Sumner*, 3 Story, 12, 13; *United States* v. *Vickery* (U. S. C. C. Md.), 1 H. & J. 427; *Rawlings* v. *State*, 2 Md. 201, 212; *Henderson* v. *State*, 105 Ala. 82, 85; *McConnell* v. *State*, 22 Tex. Ct. App. (Cr.) 354, 368; *State* v. *Heck*, 23 Minn. 549.

The allegation of the particular number, however, was made under a *videlicet*, as shown in the extract from the information heretofore given.

It is true that the *videlicet* would not have the effect to relieve the pleader from proof if the fact so alleged be necessary to the description of the identity of that with which it is connected. But when the particular allegation, descriptive of time, place, etc., is not so essential, its statement under the *videlicet* clearly indicates that the pleader has not undertaken to prove the precise facts and circumstances so alleged, and he will not be held to them. 1 Greenleaf Ev., Sec. 60; *State* v. *Heck*, 23 Minn. 549.

All other questions in the case having been disposed of by the decision in No. 1219, the judgment will be affirmed, with costs; and it is so ordered.

*Affirmed.*