IN RE WILLIAM BERGER.

WILLIAM BERGER, APPELLEE, V. S. C. WILCOX ET AL.,
APPELLANTS.

FILED APRIL 13, 1909. No. 15,890.

Intoxicating Liquors: LICENSE. Where a barkeeper sells intoxicating
liquors to a minor or to an habitual drunkard, the proprietor of
the place will be held responsible for such sales, in the absence
of evidence that they were made in violation of his orders.

APPEAL from the district court for Dawson county:
HANSON M. GRIMES, JUDGE. *Reversed.*

*E. A. Cook,* for appellants.

*W. D. Oldham* and *H. D. Rhea, contra.*

DUFFIE, C.

The appellee, William Berger, and one Delahunty were
licensed saloon-keepers in the city of Gothenburg during
the municipal year of 1907, and both these parties applied
for a license for the year 1908. A remonstrance was filed
against the application of Berger, and upon the hearing
the city council refused the license. From the order of
the council he appealed to the district court, where the
finding of the council was reversed and an order entered
directing it to grant the license. From this order the re-
monstrators have appealed.

The remonstrance upon which hearing was had charged
that Berger, during the previous year, had violated our
liquor laws in the following respects: (1) Selling to
habitual drunkards and to minors; (2) on the Sabbath
day; (3) keeping a disorderly house; (4) charging that
he was not a man of good moral character. An examina-
tion of the evidence leads us to believe that the finding
of the district court on all of these questions must be
sustained, with the exception of the finding that no sale

was made to minors. It is true that it is shown that Ed. Berger and one Morrell, who acted as barkeepers for the appellee, sold liquor to minors under circumstances which disclose that they were honestly mistaken as to the age of the parties to whom the sales were made, and, while this is no excuse for a violation of the law, they both testified that they had positive instructions from the appellee not to sell to minors, to habitual drunkards, on the Sabbath day, or after the hour fixed by the ordinance of the city for closing the saloon. One Swanson was a bartender for a time in Berger's saloon, and Wiggins, a minor, testified to having purchased beer from him. Swanson had removed from the state at the time of the trial, and no evidence was produced as to any instructions given him by the applicant relating to sales to minors, habitual drunkards, or on the Sabbath day, and we suppose that the district court based its finding upon the presumption that instructions given to the other barkeepers were also given to Swanson. In *Moore v. State*, 64 Neb. 557, we held that a sale made by a servant, without the express or implied authority of his master, is not a sale by the master within the meaning of our law relating to the sale of intoxicating liquors. Under this rule the sales made to minors by Ed. Berger and Morrell, being against the express instructions of the appellee, cannot operate against him. The sales made by Swanson to Wiggins are not explained, and are not shown to be without the knowledge of consent or against the direction of Berger, and, in the absence of Swanson, we think it was the duty of the appellee to himself to go on the stand and show that such sales were not known to him and were made in violation of his orders. The sales being made, the burden rested upon the applicant to show that he was not responsible therefor, and instructions given to his other employees will not be presumed, in the absence of evidence, to have been given Swanson, who made the sales.

For the reason that the sales made by Swanson to Wig-

gins have in no manner been explained by the appellee and shown to be against his direction, we recommend a reversal of the case.

EPPERSON, GOOD and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.