## JOHN DONNELLY v. STATE OF NEBRASKA.

FILED MARCH 28, 1910.   No. 16,475.

1. Intoxicating Liquors: ILLEGAL SALES: EVIDENCE.  Where one is indicted for selling intoxicating liquors without a license, and evidence is introduced to show that he was the proprieter of a restaurant; that he engaged in sale of what was termed "soft drinks"; that he mixed such drinks with whiskey and sold the mixture himself; that his place of business was resorted to and patronized by drunken people; that his employee also sold intoxicants; that he was at the restaurant substantially all the time and must have known what was being done there; that his servant openly sold the liquors across the bar for which the indictment against the proprietor was returned, it is *held* that these facts, if found to be true by the jury beyond a reasonable doubt, are sufficient to sustain a conviction of the proprietor for the sale.

2. Indictment and Information: INDORSEMENT: NAMES OF WITNESSES. The law of this state does not require that the names of witnesses examined before the grand jury, and who are to be called upon the trial of the cause, shall be indorsed upon an indictment, as in the case of informations.

ERROR to the district court for Boone county: JAMES N. PAUL, JUDGE.  *Affirmed.*

*F. J. Mack* and *W. M. Cain,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayers, contra.*

REESE, C. J.

Plaintiff in error was indicted by the grand jury and prosecuted in the district court for Boone county for the crime of selling intoxicating liquors without first having procured a license therefor.  The indictment contained two counts.  The first count charged a sale to David Primrose on the 23d day of February, 1909, and the second count with selling to George Bourn on the same day. A trial was had, and the jury returned a verdict finding

the accused guilty as charged in the second count, and not guilty as charged in the first. A motion for a new trial was filed and overruled, and plaintiff in error was sentenced to pay a fine of $200. He prosecutes error to this court.

1. The first contention presented by plaintiff in error is that the district court erred in permitting certain witnesses to testify on behalf of the state whose names were not indorsed upon the indictment. In this the court did not err. *Ballard v. State*, 19 Neb. 609.

2. It is next contended that the .verdict is contrary to law· and is not supported by sufficient evidence. The second count of the indictment charges a sale to George Bourn on the 23d day of February, 1909, within the county, etc. George Bourn testified that on or about that date he purchased a mixture of malt and whiskey at the place of business of plaintiff in error from his clerk or employee, Waddell. ˙ Waddell was not a witness, and the testimony of Bourn was not contradicted. This was sufficient as to the purchase and sale. But it was claimed and testified to by plaintiff in error that Waddell's duties were to wait upon customers in the restaurant owned by plaintiff, and that he never authorized, directed, nor permitted said Waddell to sell intoxicating liquors in the restaurant, nor consented to such sale. There was evidence introduced showing that plaintiff in error had sold intoxicating liquors to customers in his restaurant; that he had a soda fountain and other appliances for furnishing drinks denominated by him as "soft drinks"; that men were seen in his place of business who were intoxicated; and that plaintiff in error was present in the restaurant a great portion of the time and must have known what was being done there in addition to the sales made by himself. There can be no doubt but that plaintiff in error knew that intoxicants were furnished at his restaurant. We think the same rule must be applied here as in the case of *In re Berger*, 84 Neb. 128, except that it must operate more strongly against plaintiff in error than

was applied there. The jury must have found that the sale by Waddell was with the tacit, if not the expressed, consent of plaintiff in error, and there was sufficient evidence to sustain their finding. The fact that plaintiff in error had no license could make no difference, as he would be equally liable for the acts of his employee in the one case as the other.

Finding no prejudicial error in the record, the judgment of the district court must be affirmed, which is done.

AFFIRMED.