HERMAN STEINKUHLER v. STATE OF NEBRASKA.

FILED JUNE 23, 1916. No. 19585.

1. **Intoxicating Liquors:** SALES TO MINORS. "In a prosecution against a saloon-keeper for selling intoxicating liquors to a minor, it is no defense that accused acted in ignorance of the minor's age and without any intent to violate the law." The mere fact of selling intoxicating liquors to a minor constitutes the entire offense. *Seele v. State*, 85 Neb. 109.

2. ———: ———: SALES BY EMPLOYEES. In the sale of intoxicating liquors to minors, the owner or keeper of a saloon is responsible for the acts of his servants and employees, and a sale by an employee or bartender of a saloon-keeper is, in law, a sale made by the saloon-keeper himself, unless such sale is made in defendant's absence and in violation of his orders.

3. ———: ———: QUESTION FOR JURY. If sales are made to any minors by a saloon-keeper's bartenders, without his authority and against his will, contrary to his instructions and when he was not present, he would not be responsible in a criminal prosecution for such sales; but whether instructions not to sell to minors are given by the saloon-keeper to his bartenders in good faith with the expectation that they will be obeyed, and with the intention that they should operate as a limitation upon the authority of such bartenders to make sales to minors, is a question of fact to be determined by the jury.

4. ———: CONVICTION: SUFFICIENCY OF EVIDENCE. The bill of exceptions examined, and *held* that the evidence was sufficient to sustain the conviction.

ERROR to the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

JAY C. MOORE, for plaintiff in error.

*Willis E. Reed, Attorney General, Charles S. Roe* and *S. P. Davidson, contra.*

BARNES, J.

Herman Steinkuhler was tried by the district court for Johnson county on an information containing 20 counts, each of them charging him with having sold intoxicating liquor to minors. To the information Steinkuhler pleaded not guilty. A jury was impaneled, the evidence was taken, and the court instructed the jury, among other things, to find the accused not guilty on the eighth count of the indictment. After deliberation the jury returned a verdict of guilty on the other 19 counts of the indictment. A motion for a new trial was filed and overruled, and the accused was sentenced to pay a fine of $25 on each count, together with the costs of the prosecution. He has brought the case to this court by a petition in error, and hereafter the defendant in error will be designated as the state, and Steinkuhler will be called the defendant.

It is defendant's contention that the evidence was not sufficient to sustain the, verdict, and he argues that no fair-minded man could say that he was guilty of the offense charged beyond a reasonable doubt. This point, however, is not pressed with much vigor, and indeed we think it could not have been seriously relied on for a reversal of the judgment. The testimony fairly shows that the defendant had been engaged in the sale of intoxicating liquors in Sterling, Nebraska, for several years; that he was well acquainted with the young men and boys in that vicinity; that he saw them frequently in his saloon, and his bartenders served them whenever they ordered intoxicating liquors, without objection or even reproof on his part; that he had sometimes served them with such liquors himself. The testimony also shows that the persons mentioned in the indictment as minors, to whom intoxicating liquors had been sold, were well known by the defendant and his bartenders to have been less than 21 years of age. The evidence contained in the bill of exceptions was amply sufficient to sustain the verdict on each count of the indictment.

Defendant's second contention is that the court erred in giving. the jury instruction No. 8 on his own motion. That instruction reads as follows: "If you find from the evidence beyond a reasonable doubt that a 'sale of intoxicating liquor was made by the defendant to any of the persons, minors, as alleged in the indictment, then it is not necessary for the state to prove the intent or motive of the defendant in making such sale. Neither is it necessary for the state to prove that such sale was made to the minor knowingly. A liquor dealer is bound to know that the person he sells liquor to is not a minor, and ignorance of the age of the person to whom the liquor was sold is no excuse, and, irrespective of good faith and honest intention, the mere fact of selling liquor to a minor constitutes the entire offense."

This court has spoken upon the above question in *Secle v. State,* 85 Neb. 109, where it was said: "In a prosecution against a saloon-keeper for selling intoxicating liquors to a minor, it is no defense that accused acted in ignorance of the minor's age and without any intent to violate the law." We adhere to the rule there announced, and the defendant's second contention is therefore overruled.

It is next contended that the court erred in refusing to give instruction No. 1, requested by the defendant, which reads as follows: "You are instructed that a sale of intoxicating liquor made by a servant without the express or implied authority of his master is not a sale by the master. And if you should find from the evidence in this case that a sale of liquor was made to a minor as alleged in the indictment by the servants of defendant Steinkuhler, and being against his express instructions, and not with his knowledge or consent and in violation of his orders, the defendant would not be responsible for such sale and your verdict should be not guilty."

The record discloses that the court was justified in refusing to give this instruction.

Instruction No. 11, given by the court on his own motion, reads as follows: "In the sale of intoxicating liquors to

100 Neb.—7

minors the owner or keeper of a saloon is responsible for the acts of his servants and employees, and a sale by an employee or bartender of a saloon-keeper is, in law, a sale made by the saloon-keeper himself, unless such sale is made in defendant's absence and in violation of his orders." This was followed by instruction No. 12, which reads : "If sales were made to any minors as alleged in the indictment by the defendant's bartenders, without defendant's authority and against his will, and contrary to his instructions, and when he was not present, such sales would not be the defendant's acts and he would not be responsible in a criminal prosecution for such sales. But whether instructions not to sell to minors were given by the defendant to his bartenders in good faith with the expectation that they would be obeyed and with the intention that they should operate as a limitation upon the authority of such bartenders to make sales to minors is a question for you to determine from the evidence."

The rules contained in the instructions just quoted were approved by this court in *Moore v. State,* 64 Neb. 557, and in *In re Lerger,* 84 Neb. 128. It thus appears that the instructions given by the court avoided the necessity of giving the requested instruction.

Having answered all of the defendant's assignments, and finding no reversible error in the record, the judgement of the district court is

AFFIRMED.