468

FRETZ v. UNITED STATES.

No. 8563.

United States Court of Appeals
District of Columbia.

Argued Dec. 14, 1943.

Decided Jan. 17, 1944.

Mr. Joseph C. Turco, of Washington, D. C., with whom Mr. Arthur C. Katims, of Washington, D. C., was on the brief, for appellant.

Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and John L. Ingoldsby, Jr., Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

EDGERTON, Associate Justice.

Appellant was convicted of the larceny of a watch,[1] and also of entering a room with intent to commit larceny.[2] The evidence was undisputed. Appellant contends that it was insufficient.

Appellant and another man went up in an elevator to the seventh floor of a hotel. Some time later they were seen walking down a flight of stairs. One Pollack, a guest of the hotel, returned to his apartment on the fourth floor at about 2 a. m., left his watch in his bedroom, and entered his bathroom. Through a frosted glass he saw the shadow of a man standing in the "foyer" between the bathroom and the entrance of the apartment. He opened the bathroom door and found appellant and another man standing in the foyer. One of the men said "We are in the wrong apartment" and both left. Pollack then entered his bedroom and found that his watch was missing. Appellant and another man appeared at the foot of the hotel stairs, found a barrier in their way, shook it, walked back up the stairs, and left by the elevator. The watch was not recovered.

Appellant did not take the stand, and no evidence was offered in his behalf. He now concedes that he was in the hotel. There is nothing to suggest that he had any business there.

A jury might well be convinced beyond a reasonable doubt that appellant and his companion stole the watch, and that each of them entered a room with intent to steal. The evidence does not show whether appellant himself entered the bedroom. His personal part in the crimes may or may not have been limited to entering the foyer and standing guard there while his companion entered the bedroom and took the watch. He is equally guilty, in either case, of both entering and larceny.

The indictment perhaps suggests that the watch was found in the foyer rather than the bedroom. But this technical variance is immaterial, since the attempt to identify a particular room was harmless surplusage.[3]

Affirmed.

---

[1] D.C.Code, 1940, § 22—2202, 50 Stat. 628, § 827.

[2] D.C.Code, 1940, § 22—1801, 31 Stat. 1323, § 823.

[3] Sinclair v. District of Columbia, 20 App.D.C. 344.