GEORGE MARTIN v. STATE OF NEBRASKA.

[FILED OCTOBER 1, 1890.]

1. **Indictment.** Where the foreman of a grand jury indorsed on the indictment the words "True bill," omitting the letter "A," *held,* sufficient.

2. ———: OFFENSES: JOINDER.   In case of misdemeanor, several distinct offenses of the same kind may be joined in the same indictment.

3. **Instructions** are to be construed together, and if, taken as a whole, they state the law correctly, they are sufficient.

4. **Liquors:** UNLAWFUL SALE BY AGENT.   Where intoxicating liquors have been sold on Sunday, the principal, although not personally present, will be liable, if his agents, or any one authorized by him to sell or give away intoxicating liquor in his place of business, violates the law by selling or giving away such liquors in his place of business on Sunday.

ERROR to the district court for Lancaster county.   Tried below before CHAPMAN, J.

*Chas. E. Magoon,* for plaintiff in error, cited, contending that a principal is not criminally liable for sale of liquor by an agent, unless express or implied consent is

shown: 1 Bishop, Cr. Law, secs. 403–5; 2 Id., sec. 1155; *Lathrope v. State*, 51 Ind., 192; *O'Leary v. State*, 44 Id., 91; *Wreidt v. State*, 48 Id., 579; *Hipp v. State*, 5 Blackf. [Id.], 149; *Com. v. Briant*, 142 Mass., 463; *Com. v. Stevenson*, Id., 466; *Com. v. Nichols*, 10 Met. [Mass.], 259; *Anderson v. State*, 22 O. St., 305; *Mullinix v. People*, 76 Ill., 215; *Keedy v. Howe*, 72 Id., 135; *Pennybaker v. State*, 2 Blackf. [Ind.], 484; *Parker v. State*, 4 O. St., 564; *Seibert v. State*, 40 Ala., 60; *Barnes v. State*, 19 Conn., 398; *Ewing v. Thompson*, 13 Mo., 132; *State v. Borgman*, 2 Nott. & McCord [S. Car.], 34; *State v. Bohles*, 1 Rice [S. Car.], 145; *Martin v. McKnight*, 1 Overt. [Tenn.], 330; *Caldwell v. Sacra*, Litt. Select. Cas. [Ky.], 118; *State v. Mahoney*, 23 Minn., 181; 4 Erskine's Speeches, 137; Coke, Litt., 152a, 389a; 3 Coke, Inst., 138.

*Wm. Leese, Attorney General, contra,* cited, contending that ignorance on the part of the accused, of sale by his agent, was a mistake of fact which would not excuse a violation of the statute: *State v. Denoon*, 5 S. E. Rep. [W. Va.], 315; 1 Whart., Cr. Law, sec. 247; *People v. Blake*, 52 Mich., 566; *People v. Roby*, 18 N. W. Rep. [Mich.], 360; *Riley v. State*, 43 Miss, 397; *Com. v. Kelley*, 140 Mass., 441; *Dudley v. Sautbine*, 49 Ia., 650; *Faircloth v. State*, 73 Ga., 426; *Com. v. Emmons*, 98 Mass., 6; *Halstead v. State*, 41 N. J. L., 552; *State v. Hartfiel*, 24 Wis., 60.

Maxwell, J.

The plaintiff in error was indicted for selling liquor on Sunday, the 9th day of October, 1887. There are five counts in the indictment.

On the trial of the cause Martin was found guilty on the first count and not guilty on the others.

In the court below Martin moved to quash the indict-

ment because the foreman of the grand jury did not indorse thereon the words "A true bill." An examination of the indictment, however, shows the words "True bill" to have been indorsed thereon and duly signed by the foreman of the grand jury. This was sufficient and the omission of the letter "A" before the words "True bill" was not a material defect. The motion was properly overruled, therefore. Martin thereupon filed a motion to require the state to elect upon which count of the indictment it would rely.

In *Burrell v. State*, 25 Neb., 581, it was held that in case of misdemeanor several distinct offenses of the same kind may be joined in the same indictment. That decision was rendered after a careful examination of the authorities on the subject, and we believe the decision is correct.

The offense, as charged in the case at bar, was for selling or giving away intoxicating drinks to. five different persons on the 9th day of October, 1887. The offenses, therefore, are of the same kind and were properly joined. The first count in the indictment is as follows:

"THE STATE OF NEBRASKA, ⎫
    LANCASTER COUNTY. ⎬ ss.
                   ⎭

"Of the October term of the district court of the second judicial district of the state of Nebraska within and for Lancaster county, in said state, in the year of our Lord one thousand eight hundred and eighty-seven, the grand jurors, chosen, selected, and sworn, in and for the county of Lancaster, in the name and by the authority of the state of Nebraska, upon their oaths present that Geo. Martin, Mrs. Kate Martin, and Fred Chapman, late of the county aforesaid, on the 9th day of October, in the year of our Lord one thousand eight hundred and eighty-seven, in the county of Lancaster, and state of Nebraska aforesaid, then and there being, did unlawfully and willfully sell and give away malt liquors and intoxicating drinks to one J. A. Wolf, said 9th day of October, 1887, being the first day of the week, commonly called Sunday, without having any

authority therefor, and contrary to the form of the statute in such cases made and provided."

There is testimony in the record tending to show that, at the time stated in the indictment, George Martin was absent from the state and therefore, personally, could not have furnished the liquor in question. There is also testimony tending to show that Mrs. Kate Martin, his wife, and Fred Chapman, the bar tender, were intrusted by him with the sale of intoxicating liquors.

The court instructed the jury as follows:

"The defendants, George Martin, Kate Martin, and Fred Chapman, are charged in the indictment in this cause with unlawfully selling and giving away intoxicating liquor on the 9th day of October, 1887, said 9th day of October being the first day of the week, commonly called Sunday, contrary to the laws of the state of Nebraska.

"2d. The section of the statute upon which this indictment is founded against defendants reads as follows: 'Every person who shall sell or give away any malt, spirituous, and vinous liquors on the day of any general election, or at any time during the first day of the week, commonly called Sunday, shall forfeit and pay for every such offense the sum of one hundred dollars.'

"3d. You are instructed that if you find from the evidence that the defendant, George Martin, or his agent and bar keeper, Fred Chapman, or his wife, Kate Martin, sold or gave away intoxicating liquors to any person or persons on the 9th day of October, 1887, as charged in the indictment, your verdict should be guilty as to the defendant or defendants so giving away or selling such intoxicating liquors on said 9th day of October, 1887.

"4th. You are further instructed that under the law in force in this state it makes no difference whether the defendant, George Martin, was personally present in his place of business when intoxicating liquors were sold contrary to law. If you find from the evidence that his

agents, or any one authorized by him to sell or give away intoxicating liquors in his place of business, did violate the law by selling intoxicating liquors, beer or whisky, in his place of business on the Sabbath day, as charged in the indictment, said George Martin, defendant, would be liable for such violation of the law, and, upon conviction thereof, would be subject to the penalty imposed by the statute.

" 5th. In order to find the defendant or defendants guilty, it is only necessary that you believe from the evidence, beyond a reasonable doubt, that the defendant, or any one of the defendants, sold or gave away intoxicating liquors on the 9th day of October, 1887, as charged in the indictment.

" 6th. You are instructed that the law presumes the defendants innocent until proven guilty, and it is incumbent upon the state to prove, beyond a reasonable doubt, that the defendant, or his agents or servants, or any one authorized by him, did sell or give away intoxicating liquors as charged in the indictment; and you are instructed that the state must establish by a preponderance of the evidence each particular averment contained in the indictment, beyond a reasonable doubt, and that unless each material averment of fact contained in the indictment is established beyond a reasonable doubt, the defendants are entitled to an acquittal at your hands.

" 7th. You are the sole judges of the evidence submitted for your consideration, and if, after carefully considering the same, you find the defendant or defendants guilty, as charged in the indictment, your verdict should be guilty as to such defendant; or if any one of them have not violated the law, as charged in the indictment, it is your duty to acquit."

Objections are made to the fifth paragraph; but the instructions are to be construed together as a whole, and, when so construed, it is apparent that the question of agency was properly submitted to the jury. It was not necessary for Mr. Martin to be personally present in his

place of business when intoxicating liquors were sold contrary to the law. If, from the evidence, the jury should find that his agents, or any one authorized by him to sell or give away intoxicating drinks in his place of business, did violate the law by selling or giving away intoxicating drinks in his place of business on Sunday, the law will hold him responsible, and the penalty will fall upon him as well as those who were acting under him. The question of such authority was fully submitted to the jury, and the judgment is sustained by the evidence, and is

AFFIRMED.

THE other judges concur.