G. B. WILLIAMS ET AL., APPELLANTS, V. FRANK C.
PHILLIPS, APPELLEE.

FILED DECEMBER 17, 1908.  No. 15,406.

Intoxicating Liquors: LICENSE: SALES TO MINORS. Where on the
hearing of a remonstrance against the granting of a liquor license
it is satisfactorily proved that the applicant has within a year
sold or given to a minor malt or spirituous liquors, he is not
entitled to a license, and his application should be denied.

APPEAL from the district court for Dundy county:
ROBERT C. ORR, JUDGE. *Reversed with directions.*

*R. D. Druliner* and *Perry & Lambe,* for appellants.

*Charles W. Meeker* and *David G. Hines, contra.*

ROOT, C.

Appeal from a judgment of the district court for Dundy
county affirming the action of the trustees of the village of
Benkelman in granting a license to Frank C. Phillips to
sell intoxicating liquors in said village. Remonstrants
appeal.

The applicant, Phillips, filed his application for license
in July, 1907. The remonstrants alleged that Phillips in
the year preceding his application had violated the excise
law in illegally selling intoxicating liquors, to wit, beer, to
minors. The evidence discloses that in 1906 a license had
been issued to one Palm to sell such liquors in Benkelman,
and that Phillips had control of said business. It is un-
disputed that about the 21st day of August, 1906, two
minors of the age of 17 years were sold or furnished beer
in said saloon, and that Frank C. Phillips was present. On
cross-examination the witness stated that the liquor was
sold by a bartender; but even if that were material, there is
nothing to show that Phillips was not that bartender. He
testified in his own behalf, and did not give any testimony
upon this point. We are of opinion that, in the state of the

record, Phillips is fairly chargeable with either selling the liquor or authorizing such sale. It is a misdemeanor for a licensed saloon-keeper to sell intoxicating liquors to a minor. Ann. St. 1907, sec. 7157. If the applicant has violated said section within the year preceding his application, he is not entitled to a license. *Livingston v. Corey*, 33 Neb. 366. All persons responsible for the commission of a misdemeanor are guilty as principals. *Wagner v. State*, 43 Neb. 1. Where intoxicating liquors are unlawfully sold by the agent of a saloon-keeper, the principal as well as the agent may be prosecuted. *Martin v. State*, 30 Neb. 507 The applicant had violated the liquor law, and the village trustees should not have issued a license to him. *In re Adamek*, 82 Neb. 448.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with instructions to reverse the findings of the village board.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with instructions to reverse the findings of the village board.

REVERSED.