HENRY SEELE V. STATE OF NEBRASKA.

FILED SEPTEMBER 25, 1909.   No. 16,130.

1. Criminal Law: INSTRUCTIONS.   In a prosecution against a saloon-keeper for selling intoxicating liquors to a minor, there was no reversible error in an instruction that defendant was responsible for the acts of his servants, where the record clearly showed he was not prejudiced by it.

2. Intoxicating Liquors: SALE TO MINORS: DEFENSES.   In a prosecution against a saloon-keeper for selling intoxicating liquors to a minor, it is no defense that accused acted in ignorance of the minor's age and without any intent to violate the law.

3. **Criminal Law: INSTRUCTIONS.** Where the trial court by proper instructions submitted to the jury the credibility of all the witnesses who testified, there was no error in refusing an instruction referring alone to the credibility of one of them.

4. ———: **REVIEW.** On cross-examination of a witness, a ruling of the trial court in refusing to strike out an answer to a question to which there was no objection will not be reversed except for an abuse of discretion.

5. ———: **HARMLESS ERROR.** On examination of a witness, error in overruling an objection to a question is not a ground of reversal, where the answer is favorable to the complaining party and in no way prejudices his rights.

ERROR to the district court for Johnson county: LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*S. P. Davidson,* for plaintiff in error.

*William T. Thompson, Attorney General,* and *George W. Ayres, contra.*

ROSE, J.

For the offense of selling intoxicating liquors to Henry Southard, a minor, defendant Henry Seele, a licensed saloon-keeper at Sterling, was fined $25 and costs, and brought the case to this court as plaintiff in error. Complaint is made of the sufficiency of the evidence to sustain the conviction, but a careful examination of the record shows that the jury in that particular were justified in finding defendant guilty.

1. A new trial is demanded on the ground that the court below erred in giving the following instruction: "The court instructs the jury that in the sale of intoxicating liquors to minors the owner or keeper of the saloon is responsible for the acts of his servants and employees; and a sale by a servant or employee of a saloon-keeper is in law a sale by the saloon-keeper himself." The doctrine stated does not appear to be in harmony with what was said by this court in an opinion by Chief Justice SULLIVAN in *Moore v. State,* 64 Neb. 557, where the following lan-

guage is found: "It was conclusively proved that the defendant was a licensed vender of intoxicating drinks, doing business in the village of Anselmo, and that the illegal sales charged in the information were made in his saloon by his bartender. The evidence given on behalf of the defendant shows the sales were made without his knowledge, in violation of express instructions, and during his absence from the village. Do these facts acquit the defendant of criminal responsibility? This is the decisive question in the case, and it is the only question counsel have discussed. The statute does not assume to make masters liable for the conduct of their servants, but only for their own conduct." In *In re Berger,* 84 Neb. 128, this rule was adopted: "Where a barkeeper sells intoxicating liquors to a minor or to an habitual drunkard, the proprietor of the place will be held responsible for such sales, in the absence of evidence that they were made in violation of his orders." In *Pulver v. State,* 83 Neb. 446, the second paragraph of the syllabus is as follows: "Where a licensed saloon-keeper is prosecuted for the violation of a city ordinance forbidding him to keep his place of business open after 11 o'clock P. M., and such act is shown to have been committed by an agent in charge of such business, it is unnecessary to show any guilty intent on the part of the owner, such prosecution being in the nature of a civil action to recover a penalty." In *Williams v. Phillips,* 83 Neb. 105, this court held: "Where on the hearing of a remonstrance against the granting of a liquor license it is satisfactorily proved that the applicant has within a year sold or given to a minor malt or spirituous liquors, he is not entitled to a license, and his application should be denied." In the same case the court said: "Where intoxicating liquors are unlawfully sold by the agent of a saloon-keeper, the principal as well as the agent may be prosecuted. *Martin v. State,* 30 Neb. 507."

Was the instruction quoted from the record prejudicial to defendant? He and a number of his bartenders testified that no sale to Southard had been made, as charged in the

information or as stated in the proofs on behalf of the state. According to Southard, the first sale was made at defendant's saloon July 4, 1908. The name of the person who made it was not disclosed by the state's proofs. Defendant testified he went to the saloon between 5 and 6 o'clock in the morning of July 4, 1908, remained until 11 o'clock at night, and was behind the bar all day, having eaten his meals there. He told the jury he paid particular attention to minors that day, and did not allow them to come into the saloon. In answer to one question he replied: "I simply stayed distinctly on that minor business, so there were no minors allowed to come in." The fair import of his proofs is that he was in the saloon all day in presence of his bartenders and other servants, where he assumed personal responsibility for keeping minors out, and where each employee was subject to personal direction. There is no proof of the violation of any order of defendant, or that he was unable to keep Southard out or to prevent sales to him. Southard testified he also bought intoxicating liquors at defendant's saloon July 12, 1908, and October 1, 1908. He said, however, that on both occasions he bought the liquor from defendant personally. Except on the three dates named there was no evidence of any sale to Southard. Under the circumstances disclosed, the giving of the instruction that a saloon-keeper is responsible for the acts of his servants was not a prejudicial error.

2. Defendant insists the judgment below should be reversed for error on the part of the trial court in giving the following instruction: "If you find from the evidence beyond a reasonable doubt that a sale of intoxicating liquor was made by the defendant to Henry Southard, minor, as alleged in the complaint, then it is not necessary for the state to prove the intent or motive of the defendant in making such sale; neither is it necessary for the state to prove that such sale was made to the minor knowingly. A liquor dealer is bound to know that the person he sells liquor to is not a minor, and ignorance of the age of the

person to whom the liquor was sold is no excuse, and, irrespective of good faith and honest intention, the mere fact of selling liquor to a minor constitutes the entire offense." This direction to the jury is assailed on the ground that it permits a conviction, though defendant in making the sale acted conscientiously in ignorance of the minor's age and without any criminal intent or purpose to evade or disobey the law. The statute violated by defendant is a police regulation. It is a part of the legislation enacted for the purpose of keeping the traffic in intoxicating liquors under surveillance and of averting the evils growing out of sales to minors. The intent with which such sales are made is no part of the offense defined by law. The statute declares: "Every person licensed as herein provided, who shall give or sell any malt, spirituous and vinous liquors, or any intoxicating drinks to any minor, apprentice, or servant, under twenty-one years of age, shall forfeit and pay for each offense the sum of twenty-five dollars." Comp. St. 1909, ch. 50, sec. 8. Sales made to a minor in ignorance of his age and without any intention to disobey the law are not excepted from the operation of the statute. A licensee is not authorized to sell intoxicating liquors indiscriminately. The responsibility of complying with the terms of his license and with the provisions of the law under which he becomes a saloon-keeper is on him. Under the statute quoted, he must ascertain at his peril whether the purchaser is a minor. In enforcing a statute which prohibited sales to minors, the supreme court of Wisconsin said: "The act in question is a police regulation, and we have no doubt that the legislature intended to inflict the penalty, irrespective of the knowledge or motives of the person who has violated its provisions. Indeed, if this were not so, it is plain that the statute might be violated times without number, with no possibility of convicting offenders, and so it would become a dead letter on the statute book, and the evil aimed at by the legislature remain almost wholly untouched. To guard against such results, the legislature has, in effect, pro-

vided that the saloon-keeper, or other vender of intoxicating liquors or drinks, must know the facts, must know that the person to whom he sells is a *qualified drinker,* within the meaning of the statute; and, if not, he acts at his peril in disobeying the requirements of the law." *State v. Hartfiel,* 24 Wis. 60. The same doctrine was announced in *State v. Bruder,* 35 Mo. App. 475, and in *Commonwealth v. Uhrig,* 138 Mass. 492. Other courts have taken the same view, which is adopted as correct, though some cases state a different rule.

3. Complaint is made of the refusal of the trial court to give at the request of defendant an instruction relating to the credibility of Southard as a witness. The objection is without merit, since the credibility of all the witnesses was by a proper direction left to the jury.

4. Paul Barnhouse, also a minor, was a witness for the state. After testifying he was in defendant's saloon with Southard July 4, he was asked if he purchased liquor there at that time, and answered: "Yes." Though defendant made no objection to the question, he moved to strike out the answer after another question had been asked. The court overruled the motion, saying: "You did not object to it." This ruling is also attacked. There is nothing to show that defendant was prevented from making a proper objection when the question was asked. According to correct procedure, a party should not wait for a favorable reply to a question, and subsequently move to strike out the answer in the event that it disappoints him. To hold there was prejudicial error in refusing to strike out the answer under consideration would be an unwarranted interference with the discretion of the trial court in controlling its own proceedings.

5. Defendant was a witness in his own behalf. After stating on cross-examination that Barnhouse, a minor, was in the saloon July 4, defendant was asked: "Now, he purchased liquor there, did he?" An objection to this question was overruled, and this too is assigned as error. The question called for testimony as to whether defendant

had sold liquor to the minor Barnhouse, an offense not
mentioned in the information. The objection is based on
the general rule that "it is incompetent for the state in a
criminal prosecution to prove that the prisoner at some
other time committed an offense similar to the one with
which he stands charged." *Palin v. State*, 38 Neb. 862.
When the objection to the question was overruled, the wit-
ness answered: "Not to my knowledge, as I know of."
This answer was not proof of another offense. The testi-
mony was favorable to defendant, and shows on its face
that he was not prejudiced by the ruling assailed. De-
fendant has not pointed out a prejudicial error, and the
judgment against him is

AFFIRMED.

FAWCETT, J., not sitting.