[Criminal No. 533.   Filed February 6, 1923.]

[212 Pac. 463.]

FRANK BOCCHI, Appellant, v. STATE, Respondent.

1. STATUTES—WHETHER ACT EXPRESSED PROPER TITLE HELD IMMATERIAL, WHERE ACT ENACTED PREVIOUS TO ADOPTION OF PRESENT CONSTITUTION.—Whether the title under which Penal Code of 1913, section 282, was passed by the legislature conformed to the requirements of the present Constitution is immaterial, as against the contention that it is unconstitutional as violating Constitution, article 4, section 13, since the Constitution was not in existence at the time of the passage of the act.

2. INFANTS—INFORMATION, ALLEGING COMMISSION OF SPECIFIC LEWD ACTS WITH CHILD, HELD SUFFICIENT.—An information, specifically naming and alleging the commission by accused of the lewd acts with a child constituting the crime referred to in Penal Code of 1913, section 282, *held* sufficient.

3. CRIMINAL LAW—COURT'S CHARGE NOT DISTURBED, IN ABSENCE OF REQUEST FOR PARTICULAR INSTRUCTION.—Where the charge of the court given on its own motion is sufficiently full and complete, it

Right to convict for several offenses growing out of the same facts, see note in 31 L. R. A. (N. S.) 693.

See 16 C. J., p. 1056; 17 C. J., pp. 254, 339, 342, 349; 31 C. J., pp. 861, 998; 36 Cyc. 1017.

will not be disturbed by the appellate court, in the absence of a request having been made for particular instructions.

4. CRIMINAL LAW—CHARGE OMITTING ELEMENT OF AGE HELD NOT PREJUDICIAL, WHERE AGE NOT IN ISSUE.—Since under Civil Code of 1913, paragraph 515, instructions are to be given only upon controverted questions of fact, where the lewd acts committed by accused constituted a crime under Penal Code of 1913, section 282, if committed upon a child under the age of fourteen, accused could not have been prejudiced by a charge which omitted the element of age, where the age of the person was undisputedly eleven years, and not in issue.

5. CRIMINAL LAW—HARMLESS ERRONEOUS INSTRUCTION NOT GROUND FOR REVERSAL.—An instruction, however, erroneous, which does not harm the party complaining of it, is not ground for reversing a judgment, and hence an instruction in a prosecution for lewd acts with a child, charging that the character of the offense to justify conviction must be unnatural, could not prejudice accused, where the prosecution, in order to make a case, was not required, under the statute, to prove that the acts were unnatural.

6. CRIMINAL LAW—INCORRECT INSTRUCTION HELD NOT REVERSIBLE ERROR.—An instruction, in a prosecution for committing lewd acts with a child, that defendant must be convicted of the one act alleged in the information, and relating to proof of other offenses, though incorrect, *held* not reversible error.

7. CRIMINAL LAW—DETERMINATION OF FACTS FROM EVIDENCE ADDUCED HELD FOR JURY.—Where, in a prosecution for committing lewd acts with a child no direct evidence existed of the particular acts charged except the testimony of the complaining witness, but her testimony was corroborated with respect to the lecherous attitude of accused to her, tending to a disposition on his part to commit the offense, it was the function of the jury to determine what the facts were from the testimony of the witnesses examined; and, where there was substantial evidence to support the verdict, it will not be disturbed.

8. INFANTS—IN PROSECUTION FOR LEWD ACTS WITH CHILD, TESTIMONY AS TO CONDITION OF CHILD'S PRIVATE PARTS HELD IRRELEVANT.—In a prosecution for committing lewd acts with a child, a physician's testimony as to condition of the child's private parts was not relevant to the offense charged.

9. INDICTMENT AND INFORMATION—LESSER CRIME MAY BE INCLUDED WITHIN GREATER CRIME.—It is no anomaly of the law to find a lesser crime included within a greater.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed.

Mr. Norman J. Johnson and Mr. A. R. Edwards, for Appellant.

The Attorney General, for the State.

LYMAN, J.—Appellant, Frank Bocchi, was tried and found guilty of an offense which is defined in paragraph 282 of the Penal Code of Arizona. From the judgment rendered upon that verdict, and denial of motion for new trial, he appeals, and assigns many errors claimed to have been committed by the trial court. Among other things, he contends that the statute defining the offense with which he was charged is unconstitutional, because in its passage the provisions of section 13 of article 4 of the Constitution of Arizona, that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title," were not observed in the passage of this law. The proof of this defect is said to be found in the memorandum placed by the codifiers at the head of chapter 6, of which this paragraph is a part.

This provision of the Penal Code is of ancient origin, and has been a part of the laws of this state for many years, antedating the adoption of our state Constitution. Whether the title under which this act was passed by the legislature conformed to the requirements of our present Constitution is immaterial, since the Constitution was not in existence at the time of its passage. The title of an act in the sense referred to in the Constitution is not found in the chapter headings of the Code.

Appellant objects that the information does not state a public offense, and that whatever allegations there are in the information tend to allege an attempt to commit rape, and not the offense for which he was tried. Paragraph 282 of the Penal Code reads as follows:

"Any person who shall willfully and lewdly commit any lewd or lascivious act other than the act constituting other crimes provided for in part one of this Code, upon or with the body, or any part, or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

The charging part of the information alleges that appellant—

"did then and there willfully, unlawfully and feloniously, maliciously and lewdly, commit a lewd and lascivious act upon and with the body and sexual parts of one Lydia Giacoma, a child under the age of 14 years, of the age, to wit, 11 years, by then and there placing his sexual organ between the legs of the said Lydia Giacoma, with the intent then and there and thereby of arousing, appealing to and gratifying the lust, passion, and sexual desires of him, the said Frank Bocchi."

The Code, after defining various sex crimes, adds paragraph 282 for the manifest purpose of making unlawful such acts of lewd and lascivious conduct with a child under the age of fourteen years as were not by any other provision of the statute made unlawful. This provision of the statute is also included in Penal Code of California, section 288, and in the case of *People* v. *Grinnell,* 9 Cal. App. 233, 98 Pac. 681, the Supreme Court of California approved an information charging the offense created by this statute in the language substantially of the statute itself, including as the statute does an express negation that the acts sought to be charged were such acts as came within the purview of any other provision of the Penal Code. The same case intimates, however, what is, of course, true, that the offense

might also with propriety be charged by an allegation of the particular facts and circumstances constituting the crime. It would then appear as a matter of law whether the acts alleged constituted an offense under the provisions of this statute, and did not constitute an offense under the provisions of any other portion of the Penal Code. It would then be unnecessary in so many words to say that the acts so alleged did not constitute an offense under the terms of any other provision of the Penal Code. In this case, the pleader has adopted the latter method, and a reading of the information fails to show that it is objectionable either because of the facts which it alleges, or because of any essential allegation which is omitted. The appellant was not left in the dark as to the character of the charge against him, and could not complain that it was not sufficiently specific. Appellant's criticism that the information hints at an attempt to commit rape is without merit.

Several objections are made to the charge given by the court, both for what it contains and for what it fails to contain. Apparently the charge given by the court was upon its own motion, with no request made by the defendant. In the absence of request for particular instruction, the charge of the court seems to be sufficiently full and complete.

A more serious question arises as to the effect of one instruction, which is as follows:

"As I have heretofore instructed you, gentlemen of the jury, the defendant is charged with a violation of our Penal statute. You are instructed that 'any person who shall willfully commit any lewd or lascivious act upon or with the body or any part or member thereof, of any female or male person, with the intent of arousing, appealing to or gratifying the lust or passions or sexual desires of either of such persons, in any unnatural manner,' is guilty of a felony under our statute."

It will be noted that this instruction embodies the language of an act passed by the Third Legislative Assembly of Arizona, and is printed at page 2, Laws of 1917, an act defining an offense similar to the one with which this appellant was charged. Both make criminal certain lewd and lascivious conduct. In the old law, the acts condemned are felonious only when engaging a child of fourteen years or under, and applies only to such acts as do not come within the scope of any other penal statute. The act of 1917 makes felonious lewd and lascivious acts which are unnatural, without reference to the age of either party thereto. It will be noted that the instruction given leaves out of it one of the essential elements of the offense charged, and that is the childhood of the person upon whom the act was committed, and includes in it one element not belonging to the offense charged, and that is the unnatural character of the act. The age of the person upon whom the appellant was accused of having committed the offense was undisputedly eleven years, so that her age was not a disputed issue, and the appellant could not have been prejudiced by the failure of the court to charge upon the undisputed facts of the case. Instructions are to be given only upon controverted questions of fact. Paragraph 515, Rev. Stats. Ariz. If we take the view of the appellant that there is nothing in the information, or in the evidence, which shows the conduct of the appellant to have been unnatural in character, then this instruction becomes a mere abstract statement of the law, and would not be calculated to divert the attention of the jury from the issues. *Rodgers* v. *State* (Miss.), 21 South. 130; *Meyer* v. *State* (Tex. Cr. App.), 49 S. W. 600. The information does not characterize the acts of the appellant as unnatural. The law upon which the information is based does

not make the unnatural character of the act con-
demned one of its elements. The state was not re-
quired to prove that the acts charged were unnatural.
If the instruction can be treated as a direction to
the jury that it must be convinced that appellant was
guilty of some acts unnatural in character before it
could return a verdict of guilty, then the burden of
the state was increased, and the likelihood of con-
viction lessened—an effect certainly not harmful to
appellant. An instruction, however erroneous, which
does not harm the party complaining of it, can never
be the occasion for reversing a judgment. *McCann*
v. *State,* 20 Ariz. 489, 182 Pac. 96; *Steele* v. *State,*
85 Neb. 109, 122 N. W. 686. In the latter case, Steele
was charged with the illicit sale of liquor, and upon his
trial the jury was charged that if it found an illicit
sale to have been made by Steele's employee, it should
find Steele guilty. Although the court decided that
this charge was erroneous the judgment was not set
aside, because the jury must have found, if any
illicit sale at all was made, it was made by Steele
himself, and not by some employee.

The court also gave this instruction:

"You will notice, gentlemen of the jury, from a
reading of the information that the defendant is
charged with having committed the crime of mali-
ciously and lewdly committing a lewd and lascivious
act upon and with the body and sexual parts of one
Lydia Giacoma, a child under the age of 14 years, of the
age, to wit, 11 years, by then and there placing his
sexual organ between the legs of the said Lydia Gia-
coma with the intent then and there and thereby of
arousing, appealing to, and gratifying the passions,
lust, and sexual desires to him, the said Frank Bocchi.

"You will notice from a reading of the informa-
tion which I have just stated to you that the defend-
ant is charged with having committed the act set
forth in the information. Those are material facts,
and must be proved to your satisfaction by the state
beyond a reasonable doubt.

"You are instructed that the evidence which has been received of other acts, committed at other times and other places, have nothing whatever to do with the one offense of which the defendant stands charged, except in so far as it may go to show a plan or a design upon the part of the defendant. And should you believe that the other acts were actually committed, but do not believe that the act was committed which is charged in this information, it would be your duty to acquit the defendant."

The jury was told, at least once in the instructions, that it was essential for the state to prove the facts set forth in the information beyond a reasonable doubt. The information alleged the single act of lasciviousness. By the instruction the guilt of the defendant was made to depend upon proof beyond a reasonable doubt of the commission of that one particular act. The jury could not have mistaken the single issue presented to them. The instruction complained of was incorrect and improper; but it was not such an instruction as under the circumstances of this case, and taken in connection with the other instructions given, could have harmed the appellant.

Appellant also contends that the evidence does not warrant the verdict; that there is no evidence of appellant's guilt, except the evidence of the complaining witness; and that her testimony is not consistent with itself. While it is true that there is no direct evidence of the particular act charged in the information, except the testimony of the complaining witness, her testimony is not, however, without corroboration. Like all sex relations, the act charged here depended upon opportunity and the disposition of the persons involved to commit the act. There is no question but what the opportunity in this instance existed. Several witnesses testified to the lecherous attitude of the appellant toward the com-

plaining witness, and tended to show a disposition on the part of the appellant to commit the offense with which he was charged. The rule relating to the credibility of the witnesses was correctly given to the jury in the court's instruction. It was the function of the jury to determine what the facts were from the testimony of the witnesses examined before them. There is sufficient evidence in the record, if believed by the jury, to warrant the verdict which it returned. With the record in that state, the duty of this court in the premises is defined in the case of *Duff* v. *State,* 19 Ariz. 361, 171 Pac. 133, where it is said:

"Our duty is limited, then, to ascertaining if there be any substantial evidence in the record to support such a verdict."

Appellant complains that he was not permitted at the trial to introduce the testimony of a physician as to the condition of the child's private parts. Such testimony was not relevant to the offense charged. Had the physician's testimony, if received, shown that the child had not been tampered with, it would have been a negative of nothing in the charge, or in the evidence. Had his testimony shown that the child had been injured in those parts, it would have indicated an aggravation of the offense charged, rather than his innocence. Appellant may have been guilty of an attempt to commit rape, or of rape, and may at the same time, and by the same set of circumstances, have been guilty of the offense charged in this information. It is no anomaly of the law to find a lesser crime included within a greater. The court was quite right in declining to have the trial of the defendant upon the information diverted to the trial of some offense with which he was not charged. *Leon* v. *State,* 21 Ariz. 418, 9 A. L. R. 1393, 189 Pac. 433.

The appellant seems to have had a fair trial, and the judgment will be affirmed.

McALISTER, C. J., and ROSS, J., concur.