STATE, RESPONDENT, *v.* GILBERT, APPELLANT.

No. 9142.

Submitted April 21, 1952. Decided July 30, 1952.

246 Pac. (2d) 814.

172

Mr. Jess L. Angstman, Havre, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mrs. Vera Jean Heckathorn, Asst. Atty. Gen., Mr. Bernard W. Thomas, County Atty., Chinook, for respondent.

Mr. Angstman, Mr. Thomas and Mrs. Heckathorn argued orally.

MR. JUSTICE FREEBOURN:

Defendant was charged with the crime of receiving stolen property, knowing it to have been stolen. From a conviction upon such charge he appeals.

The information charges that defendant on or about November 28, 1950, in Blaine county, "for his own gain and to prevent the owners thereof from again possessing their own property, did receive certain personal property," three cowhides, bearing certain brands, "which certain personal property had been previously stolen, the said Andrew Gilbert then and there knowing the same to have been * * * stolen."

The charge is brought under R. C. M. 1947, sec. 94-2721, which makes a person guilty of a crime who "buys or receives any personal property, knowing the same to have been stolen".

The evidence tends to show that defendant, who had been a hide buyer of the Pacific Hide and Fur Depot for a number of years, turned rancher but continued to buy and sell hides on his own.

On November 28, 1950, defendant bought three hides from a man named Hillstead, and in turn sold them to the Pacific Hide and Fur Depot at Havre.

These are the hides he is charged with buying and receiving knowing them to have been stolen.

Since one of the essential requirements to conviction of a defendant, charged with buying or receiving stolen property, is that the prosecution establish that defendant received property "knowing it to have been stolen," the burden fell upon the

state to prove beyond a reasonable doubt that defendant Gilbert, knew the three hides were stolen when he bought and received them. State v. Moxley, 41 Mont. 402, 110 Pac. 83.

Proof that defendant knew the property was stolen is a prime essential in every prosecution for the offense charged here. State v. Keays, 97 Mont. 404, 34 Pac. (2d) 855, 857.

In the Keays Case this court said: "While it is true that the fact of the property having been stolen is important, the establishment of that fact alone is not sufficient to sustain a conviction for the separate and distinct crime here under consideration. 'Guilty knowledge, involving guilty intent, on the part of the defendant, is essential to the constitution of the offense.' Wharton on Criminal Law, (12th Ed.) p. 1546."

In support of the charge the state introduced a bill of sale in words and figures as follows: "Bill of Sale. Nov. 28, 1950. This is to certify that I have sold to Andrew Gilbert for the sum of $17.00 3 cow hides red no brand. Signed. Morris Hillstead."

Although the bill of sale called for three cowhides with no brands, two of the hides bore the brand of Miller Brothers, Inc. and one bore the brand of James Cochran. On defense defendant explained that when he bought the hides they were bundled up in such a manner, bound with bailing wire, and so stiffly frozen, that they could not be examined to see if they had brands and that he took Hillstead's word they bore no brands.

Defendant was corroborated by witnesses Nivens and Plummage, who testified they saw the purchase of the hides by defendant from Hillstead, the signing of the bill of sale, and that the hides were so frozen they could not be examined.

State witnesses also testified that when they took possession of the hides, in early December, they were frozen so they could not examine them for brands and that the bundle of hides had to be thawed for two days before such examination could be made.

Mere possession of the hides, if they were stolen, is not suf-

ficient of itself to justify conviction. State v. Evans, 60 Mont. 367, 199 Pac. 440. Compare: State v. Sparks, 40 Mont. 82, 105 Pac. 87, 135 Am. St. Rep. 608; State v. Willette, 46 Mont. 326, 127 Pac. 1013. In the Evans Case this court said, speaking of an instruction, that where the evidence shows that the property was stolen by someone, and defendant was recently in possession of it, he cannot be convicted if the evidence offered by the defendant in explanation of his possession is sufficient to raise a reasonable doubt of his guilt.

Here the evidence explaining defendant's possession came both in the defendant's case and the state's case in chief. There was no direct evidence of how, when or by whom the hides or the cows from which the hides came were stolen. The proof that the hides were stolen rested largely upon the fact that the hides were branded and that separate tallies showed cattle missing from the herds of the brand owners.

The state introduced testimony of law officers tending to ██ show defendant might have stolen and butchered the three cows from which the hides came. Their evidence tended to show that at the time of his arrest, in early December, defendant had, in a cooler, parts of three different beeves and that a slit in one hide corresponded with a slit in one of the quarters of meat.

Since larceny and knowingly receiving stolen property are separate and distinct crimes under our statute, State v. Keithley, 83 Mont. 177, 271 Pac. 449, 452, this evidence tended to weaken the state's case. It raised a doubt in the state's case in chief as to whether a person, other than defendant, or defendant had stolen the three cows or cowhides.

If defendant stole the cows and butchered them, and in that manner secured possession of the hides, he could not be guilty of the crime of receiving the stolen hides, knowing them to be stolen, for he could not receive or buy the hides from himself.

A necessary and essential element of the crime of receiving stolen property is that of establishing beyond a reasonable doubt

that the stolen property be stolen by someone other than the defendant.

As was said in People v. Gaskill, 322 Ill. 259, 264, 153 N. E. 393, 394: "One of the necessary elements of the crime of receiving stolen property is that the property has, in fact, been stolen by some one other than the one charged with receiving it." See also: Burnham v. People, 104 Colo. 472, 93 Pac. (2d) 899; Leon v. State, 21 Ariz. 418, 189 Pac. 433, 434, 9 A. L. R. 1393.

As was said in Leon v. State, supra: "The rule seems to be well settled that, where a larceny has been committed, the principal thief—that is, the one who is guilty of the actual caption and asportation of the property—cannot be adjudged guilty of criminally receiving the thing stolen, for the reason that he cannot receive from himself."

Defendant's explanation of the presence of the parts of three different beeves in his cooler was: That his wife operated a restaurant in Harlem; that he had butchered two cows of his own, and that part of a third cow belonged to his brother, Louis Gilbert. The testimony of Louis, who operated a cattle raising spread of twenty thousand acres, corroborated defendant.

We are committed to the doctrine that " 'a defendant may not be convicted on conjectures, however shrewd, on suspicions, however justified, on probabilities, however strong, but only upon evidence which establishes guilt beyond reasonable doubt; that is, upon proof such as to logically compel the conviction that the charge is true.' " State v. Riggs, 61 Mont. 25, 201 Pac. 272, 280; State v. McCarthy, 36 Mont. 226, 92 Pac. 521; State v. Taylor, 51 Mont. 387, 153 Pac. 275; State v. Postal Tel. Cable Co., 53 Mont. 104, 161 Pac. 953; State v. Sieff, 54 Mont. 165, 168 Pac. 524; State v. Mullins, 55 Mont. 95, 173 Pac. 788; State v. Brower, 55 Mont. 349, 177 Pac. 241; State v. Schrack, 60 Mont. 70, 198 Pac. 137.

It follows, therefore, that since the evidence does no more than raise a suspicion that defendant is guilty of the crime of receiving stolen property, knowing it to have been stolen, and the state has failed to prove the essential elements of such

crime, such evidence is insufficient to warrant defendant's conviction.

For the reasons stated the action is remanded to the lower court with directions to dismiss the information. It is so ordered.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF, BOTTOMLY and ANGSTMAN, concur.